IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 13-0267-WS-N |
| | ) | |
| GEORGE S. BRASWELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court on defendants' Motion to Dismiss (doc. 12). The Motion has been briefed and is now ripe for disposition.

**I. Background.**

This action is brought under the Alabama Uniform Fraudulent Transfer Act, Ala. Code §§ 8-9A-1 *et seq.* ("AUFTA," or the "Act"). According to the well-pleaded allegations of the Complaint (doc. 1), defendant George Braswell is indebted to plaintiff SE Property Holdings, LLC ("SEPH"), pursuant to his status as guarantor on various unpaid loans that SEPH now owns and holds, including pre-2009 loans made by Vision Bank to nonparties Bama Bayou, LLC, Marine Park, LLC, and Sundance, LLC. SEPH filed suit to challenge a pair of conveyances of real property made by George Braswell to defendant Vennie Braswell on or about May 19, 2009, alleging that said transfers were violative of AUFTA.[1]

---

[1] As discussed *infra*, the Act imposes liability for several different kinds of transfers. The Complaint does not specify the particular sections of AUFTA that SEPH invokes, nor does it identify with clarity which category or categories of fraudulent transfer plaintiff contends are in issue. While this is not a *per se* pleading defect mandating dismissal, the resulting ambiguity in the Complaint has needlessly cluttered and complicated the Rule 12(b)(6) analysis. It would have been a relatively simple matter for SEPH to designate in its pleading which sections of the Act it claims the Braswells violated, rather than trading in generalities and citing AUFTA as a generic whole. Certainly, doing so would have streamlined the briefing and review process on the Braswells' Motion to Dismiss, with no countervailing detriment to SEPH.

Count One of the Complaint alleges that the conveyances "constitute fraudulent transfers" under AUFTA because of, *inter alia,* the following facts and circumstances: (1) "George Braswell was insolvent at the time of the transfer or became insolvent as a result of such transfer," (2) "the transfer was made to an insider or related party," (3) "the transferor did not receive reasonably equivalent value in exchange for the transfer," (4) "the transfer was made for an antecedent debt," and (5) "the transfer was made with the actual intent to hinder, delay and/or defraud … SEPH and/or other creditors." (Doc. 1, ¶ 8.) The Complaint does not set forth supporting facts to bolster any of these statements, nor does it cite any specific section(s) of AUFTA. Nonetheless, on the basis of these allegations, plaintiff demands in Count One that the purportedly fraudulent transfers be set aside and that a monetary judgment be entered against the Braswells, jointly and severally, for compensatory and punitive damages.[2] Count Two of the Complaint adds little of substance, except to set forth an additional allegation that Vennie Braswell conspired with George Braswell to effectuate the purportedly fraudulent transfers.

Defendants now seek dismissal of the Complaint on two distinct grounds. First, to the extent that SEPH brings claims of insider transactions or constructive fraud under the Act, the Braswells maintain that they are time-barred and must be dismissed. Second, to the extent that SEPH brings claims of actual fraud under AUFTA, the Braswells contend that the Complaint flunks a *Twombly / Iqbal* analysis because it pleads insufficient factual content.

**II.     Analysis.**

   *A.     Legal Standard for Rule 12(b)(6) Motions.*

To withstand Rule 12(b)(6) scrutiny and satisfy Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ] [his] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[2] AUFTA provides that avoidance of a transfer is an authorized remedy for violation of the Act. *See* Ala. Code § 8-9A-7(a)(1) (remedies available to creditors include "[a]voidance of the transfer to the extent necessary to satisfy the creditor's claim"). Also, the Alabama Supreme Court has confirmed that "the law permits damages awards in cases involving fraudulent transfers" under the catch-all remedies clause of Ala. Code § 8-9A-7(a)(3)(c). *Johns v. A.T. Stephens Enterprises, Inc.*, 815 So.2d 511, 516 (Ala. 2001).

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012). These minimum pleading standards "require[ ] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As the Eleventh Circuit has explained, *Twombly/Iqbal* principles require that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted).

For purposes of a Rule 12(b)(6), the Court accepts as true the well-pleaded factual allegations of the Complaint and draws all reasonable inferences in the plaintiff's favor. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (on a motion to dismiss under Rule 12(b)(6), court must "accept[] the facts alleged in the complaint as true" and "draw[] all reasonable inferences in the plaintiff's favor"). That said, "if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *see also Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth."). The Court's review of the Braswells' Motion to Dismiss is informed by these principles.

### B. Salient Features of Alabama Uniform Fraudulent Transfer Act.

"The purpose of the AUFTA is to prohibit the fraudulent transfer of property by a debtor who intends to defraud creditors by placing assets beyond their reach." *American National Red Cross v. ASD Specialty Healthcare, Inc.*, 888 So.2d 464, 465 (Ala. 2003) (citation and internal quotation marks omitted). "The AUFTA statutory scheme includes four different types of 'fraudulent transfers' upon which liability may be predicated." *American National Red Cross v. ASD Specialty Health Care, Inc.*, 325 F. Supp.2d 1322, 1336 (S.D. Ala. 2002). First, a debtor's transfer is fraudulent as to a creditor whose claim arose before or after the transfer "if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor." Ala. Code § 8-9A-4(a). Second, a debtor's transfer is fraudulent as to a creditor whose claim arose before or after the transfer "if the debtor made the transfer without receiving a reasonably equivalent value … and the debtor [either] [w]as engaged or about to engage in a business or a transaction for which

the remaining assets of the debtor were unreasonably small … or … [i]ntended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due." *Id.* at § 8-9A-4(c). Third, a debtor's transfer is fraudulent as to a creditor whose claim arose before the transfer "if the debtor made the transfer without receiving a reasonably equivalent value … and the debtor was insolvent." *Id.* at § 8-9A-5(a). Fourth, a debtor's transfer is fraudulent as to a creditor whose claim arose before the transfer "if the transfer was made to an insider for an antecedent debt and the debtor was insolvent at that time and the insider had reasonable cause to believe that the debtor was insolvent." *Id.* at § 8-9A-5(b). These types of claims may be broadly classified as claims for actual fraudulent transfer (violation of § 8-9A-4(a)), claims for constructive fraudulent transfer (violation of §§ 8-9A-4(c) or 8-9A-5(a)), and what the Court will refer to as claims for "insider" constructive fraudulent transfer (violation of § 8-9A-5(b)).

The distinctions among these kinds of claims are not purely academic; rather, there are important differences for limitations purposes. Under the Act, a claim for actual fraudulent transfer involving real property must be brought within 10 years after the transfer. *See* Ala. Code § 8-9A-9(1). Claims for constructive fraudulent transfer by creditors whose claims arose prior to the transfer must be brought within four years. *Id.* at § 8-9A-9(3). And claims for insider constructive fraudulent transfer must be brought within one year. *Id.* at § 8-9A-9(5).

As framed by defendants' Rule 12(b)(6) Motion and the associated briefing, the task at hand is to determine (i) which types of AUFTA claims SEPH is pursuing, (ii) whether those claims are adequately pleaded, and (iii) whether they are timely under the applicable limitations provisions. The undersigned will examine each category of claim (actual fraudulent transfer, constructive fraudulent transfer, insider constructive fraudulent transfer) separately.

    *C.    Insider Constructive Fraudulent Transfer.*

SEPH's Complaint invokes the language of insider constructive fraud by alleging that "the transfer was made to an insider or related party" and "the transfer was made for an antecedent debt." (Doc. 1, ¶ 8.) Again, § 8-9A-5(b) provides that a transfer is fraudulent if "made to an insider for an antecedent debt" and if certain other circumstances exist. In their Motion to Dismiss, the Braswells correctly point out that the statute of limitations for insider constructive fraud claims brought under § 8-9A-5(b) is one year. *See* Ala. Code § 8-9A-9(5). Here, of course, the allegedly fraudulent transfers occurred on May 19, 2009, but the Complaint

was not filed until May 17, 2013, nearly four years later. On that basis, defendants argue that any claim by SEPH for insider constructive fraud pursuant to § 8-9A-5(b) should be dismissed as time-barred.

In response, plaintiff does not interpose a tolling argument or defend the timeliness of this cause of action. Instead, SEPH states in a footnote that it "is not pursuing a claim pursuant to Ala. Code § 8-9A-5(b)" (doc. 17, at 3 n.1), even though the plain language of its pleading suggests otherwise. Thus, the § 8-9A-5(b) claim pleaded in the Complaint appears to be untimely and has been disavowed by SEPH. For both of these reasons, defendants' Motion to Dismiss is **granted** as to the insider constructive fraudulent transfer claim embedded in Count I, and that claim is **dismissed without prejudice**.

### D. *Constructive Fraudulent Transfer.*

With regard to constructive fraudulent transfer, defendants first argue that the Complaint contains no such claim. (Doc. 13, at 12 ("SEPH alleged an 'actual intent' to defraud claim and an 'insider' claim, but did not allege a constructive fraud claim.").) Not so, says SEPH. Plaintiff has the better argument. The Complaint's allegations that George Braswell "did not receive reasonably equivalent value for the transfer" and that he "was insolvent at the time of the transfer or became insolvent as a result of such transfer" (doc. 1, ¶ 8) are couched in the vernacular of constructive fraudulent transfer, and invoke buzzwords from § 8-9A-4(c) and § 8-9A-5(a). *See, e.g., Baggett v. Baggett*, 870 So.2d 735, 739 (Ala.Civ.App. 2003) ("A constructive fraudulent transfer occurs when a debtor transfers assets to another without consideration, and the debtor was, or became, insolvent at the time of the transfer.") (citations omitted). Whatever else may be said, the plain language of the pleading demonstrates that SEPH is pursuing a constructive fraudulent claim against the Braswells.

Alternatively, defendants maintain that the constructive fraudulent transfer claim should be dismissed because it has not been adequately pleaded to satisfy minimum standards under Rule 8, as articulated by the Supreme Court in *Twombly* and *Iqbal*. To recapitulate, a complaint filed in federal court cannot survive Rule 12(b)(6) review unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Chaparro*, 693 F.3d at 1337 (citation omitted). Thus, "[p]laintiffs must plead all facts establishing an entitlement to relief with more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012)

(citation and internal quotation marks omitted); *Chaparro*, 693 F.3d at 1337 ("A complaint that provides 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' is not adequate to survive a Rule 12(b)(6) motion to dismiss.") (citation omitted). "The plausibility standard calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (citation and internal quotation marks omitted). Binding precedents have endorsed a two-step approach under which courts first identify "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then "turn to the well-pleaded factual allegations and, assuming their veracity, determine whether they plausibly give rise to an entitlement to relief." *Resnick*, 693 F.3d at 1325 (citations and internal quotation marks omitted).

For a transfer to be constructively fraudulent under § 8-9A-4(c), the debtor must have "made the transfer without receiving a reasonably equivalent value" and the debtor must either (i) have been engaged in a business or transaction for which his remaining assets were "unreasonably small in relation to the business or transaction;" or (ii) have intended to incur, or believed that he would incur, debts beyond his ability to pay. With respect to these elements, the Complaint states only a conclusory allegation that "the transferor did not receive reasonably equivalent value in exchange for the transfer." (Doc. 1, ¶ 8.) Significantly, the pleading is devoid of factual allegations that might lend shape and substance to this formulaic recitation of an element. There are no well-pleaded facts plausibly suggesting that George Braswell did not receive reasonably equivalent value for the subject real property. All we have is plaintiff's conclusory say-so, which is not entitled to the assumption of truth under *Iqbal / Twombly*.[3]

---

[3] In response, SEPH relies on "[t]he attachments to the Complaint, property deeds reflecting George Braswell's transfers of two pieces of real property for $10.00 each." (Doc. 17, at 8.) But the Complaint itself does not allege that George Braswell received just $10 for each parcel. Although the warranty deeds are attached to the Complaint (and are properly considered in the Rule 12(b)(6) analysis), those deeds state that George Braswell transferred each piece of real property to Vennie Braswell "for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) cash and other good and valuable considerations." (Doc. 1, Exhs. A & B.) What are the "other good and valuable considerations"? They must be considered in a "reasonably equivalent value" analysis, yet SEPH waves them aside without explanation and asks that its § 8-9A-4(c) claim be deemed plausible based on a selective reading of the deeds that omits language harmful to plaintiff's position. Accepting the well-pleaded factual allegations of
(Continued)

Exacerbating the problem, the Complaint says nothing whatsoever (conclusory or otherwise) with regard to the element set forth in § 8-9A-4(c)(1)-(2), to-wit: that the debtor's remaining assets were "unreasonably small" for the business or transaction in which he was engaged, or that he intended to incur, or believed he would incur, debts beyond his ability to pay. The Complaint, as pleaded, sidesteps that element altogether. This omission is fatal to the claim on Rule 12(b)(6) review. *See GeorgiaCarry.Org*, 687 F.3d at 1254 (pleading standards require that "a plaintiff include factual allegations for each essential element of his or her claim"). Accordingly, in its present form, SEPH's claim for constructive fraudulent transfer under § 8-9A-4(c) fails to state a claim upon which relief can be granted.

The same determination attaches to plaintiff's attempt to state a constructive fraudulent transfer claim under § 8-9A-5(a). That section provides that a transfer is fraudulent if the debtor did not receive "reasonably equivalent value" and if the debtor was "insolvent." As already stated, the Complaint recites no factual allegations plausibly supporting the conclusory statement that George Braswell did not receive reasonably equivalent value for the subject property transfers. Moreover, the Complaint articulates no facts that might support a conclusion that George Braswell is "insolvent" as that term is defined in Alabama Code § 8-9A-2. All plaintiff has done is cut and paste the statutory element as a conclusory label that "George Braswell was insolvent at the time of the transfer or became insolvent as a result of such transfer," with no

---

the Complaint as true, the Court has no idea whether George Braswell received reasonably equivalent value for the subject transfers because the Complaint does not allege what he received or how it was inadequate. On these factual allegations, SEPH's ability to show a transfer for less than reasonably equivalent value does not rise above the speculative level. Nor does SEPH strengthen its position by protesting that it "cannot be expected to already know all of the facts regarding the circumstances and intent of George Braswell's decision to transfer real property to his wife for $10.00." (Doc. 17, at 5.) Leaving aside the facts that the Complaint neither alleges a familial relationship between George Braswell and Vennie Braswell nor alleges that the consideration for each transfer was just $10.00, this argument fails because applicable procedural rules (as interpreted by the Supreme Court) require that a plaintiff only bring claims for which it has a plausible basis in fact. If SEPH is simply guessing – with no factual predicate – that George Braswell is insolvent or that he did not receive reasonably equivalent value, then plaintiff falls well short of relevant pleading standards.

supporting facts. That omission also violates *Twombly* principles and is not entitled to the assumption of truth, thereby rendering SEPH's § 8-9A-5(a) claim inadequately pleaded.[4]

### E. Actual Fraudulent Transfer.

Plaintiff also proceeds against the Braswells on an actual fraudulent transfer theory. Once again, however, defendants balk that the Complaint as presently constituted lacks sufficient factual heft to nudge SEPH's claim from the conceivable to the plausible. Pursuant to AUFTA, a transfer is fraudulent "if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor." Ala. Code § 8-9A-4(a). To guide courts in determining actual intent, the Act delineates a nonexhaustive list of 11 factors that may be considered, such as whether the transfer was to an insider, whether the debtor retained possession or control of the property, whether the transfer was of substantially all the debtor's assets, whether the value of consideration received was reasonably equivalent to that of the asset, whether the debtor was insolvent, and so on. *See id.* at § 8-9A-4(b).[5]

In response to the Rule 12(b)(6) Motion, SEPH argues that the Complaint presents substantial facts as to these statutory factors demonstrating George Braswell's actual intent to defraud. Review of the pleading shows otherwise. Rather than specific facts, the Complaint sets forth nothing more than conclusory labels concerning various factors, such as "George Braswell

---

[4] As an important clarification, the Court is dismissing plaintiff's constructive fraudulent transfer claims under § 8-9A-4(c) and § 8-9A-5(a) only because they were inadequately pleaded under *Twombly / Iqbal* tenets. The Court does not adopt or endorse defendants' arguments that such claims should be dismissed as untimely; to the contrary, because a fair reading of the Complaint is that it does assert constructive fraudulent transfer claims against the Braswells, those claims were timely filed within the four-year limitations period established by § 8-9A-9(3). That plaintiff must supplement the factual allegations of these claims in order for them to pass *Twombly* muster does not render them untimely, and any amendment by plaintiff to bolster those previously asserted claims would "relate back" to the original, timely Complaint by operation of Rule 15(c), Fed.R.Civ.P.

[5] Alabama courts have summarized this statutory scheme as follows: "An actual fraudulent transfer is one made by a debtor who transfers assets with actual intent to hinder, delay, or defraud any creditor of the debtor. … The trial court considers several factors in determining whether the debtor possessed the requisite intent, including to whom the transfer was made, the amount of assets transferred, and the financial condition of the debtor before and after the transfer." *Baggett*, 870 So.2d at 739 (citations and internal quotation marks omitted); *see also Cox v. Hughes*, 781 So.2d 197, 201 (Ala. 2000) ("Actual fraud denotes the actual mental operation of intending to defeat or delay the rights of the creditor.") (citation omitted).

was insolvent at the time of the transfer or became insolvent as a result of such transfer," "the transfer was made to an insider or related party," "the transferor did not receive reasonably equivalent value," and "the transfer was made with the actual intent to hinder, delay, and/or defraud … SEPH." (Doc. 1, ¶ 8.) No facts are recited as to any of these factors, leaving the Court and the Braswells in the dark as to the factual basis (if any) for these contentions. For the reasons stated *supra*, this kind of showing falls well short of the basic pleading requirements of Rule 8(a), as prescribed in the *Twombly* / *Iqbal* line of authorities.[6]

### III. Conclusion.

For all of the foregoing reasons, it is **ordered** as follows:

1. Defendants' Motion to Dismiss (doc. 12) is **granted**;
2. Plaintiff's claim for insider constructive fraudulent transfer pursuant to Alabama Code § 8-9A-5(b) is **dismissed without prejudice** as untimely and abandoned;
3. Plaintiffs' claims for constructive fraudulent transfer and actual fraudulent transfer pursuant to Alabama Code §§ 8-9A-4(a), 8-9A-4(c) and 8-9A-5(a) are **dismissed without prejudice** for failure to comport with minimum pleading standards under the Federal Rules of Civil Procedure; and
4. Notwithstanding the foregoing, plaintiff may file an Amended Complaint that corrects the pleading deficiencies as to the Section 4(a), 4(c) and 5(a) claims on or

---

[6] Notably, in opposing the Motion to Dismiss and attempting to bolster its pleading, SEPH relies on unpleaded facts. For example, plaintiff argues that "it is difficult to imagine facts more 'suggestive of proscribed conduct' than a debtor's transfer of two pieces of real property to his wife for $20.00." (Doc. 17, at 6-7.) But the Complaint does not allege that the Braswells are husband and wife, or that their shared last name is anything other than happenstance. Nor does the Complaint allege that George Braswell transferred those parcels to Vennie Braswell for $20.00; instead, it merely attaches deeds which specify the consideration for each transfer as being $10.00 plus "other good and valuable considerations," which SEPH does not acknowledge. Similarly, although plaintiff argues in its brief that George Braswell retained control or possession of the real property after transferring it to Vennie Braswell, and that the transfer consumed substantially all of his assets, those facts are not pleaded or supported in the Complaint. The sufficiency of plaintiff's Complaint must be evaluated based on its contents, not those of a subsequent memorandum of law.

before **September 3, 2013**, failing which this file will be closed and judgment will be entered dismissing the Complaint without prejudice.

DONE and ORDERED this 21st day of August, 2013.

                                                                  s/ WILLIAM H. STEELE
                                                                   CHIEF UNITED STATES DISTRICT JUDGE