# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0267-WS-N |
| | ) |
| GEORGE S. BRASWELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on plaintiff's Motion to Exclude Expert Witnesses (doc. 122), plaintiff's Omnibus Motion in Limine (doc. 127) and defendants' Motion in Limine (doc. 128). All three Motions have been briefed and are now ripe for disposition. Each will be considered in turn.

### A. *Plaintiff's Motion to Exclude Expert Witnesses.*

Plaintiff, SE Property Holdings, LLC ("SEPH"), filed a Motion to Exclude Expert Witnesses (doc. 122), whereby it seeks to exclude Mark Pawlowski, Thomas Bealle, Sam McKerrall and Scott Raley from offering expert opinions at trial. As to Pawlowski (who is defendants' CPA), plaintiff asserts that his opinions concerning George Braswell's solvency *vel non* at the time of the challenged transfers (and the related "unreasonably small" issue) are no longer necessary given the Court's summary judgment ruling that Braswell was, in fact, insolvent. As for Bealle, McKerrall and Raley, plaintiff maintains that exclusion of their opinions is appropriate because (i) defendants never disclosed them as experts, and (ii) their testimony would bear only on the already-decided question of insolvency, in any event. In their Response, defendants state that in light of the Court's Orders entered on June 6, 2017 and July 7,

2017 (docs. 120, 121), "the Braswells do not intend to call any expert witnesses at trial." (Doc. 125, at 2.) Accordingly, SEPH's Motion to Exclude Expert Witnesses is **moot**.[1]

### B. Plaintiff's Omnibus Motion in Limine.

Next, the Court turns to SEPH's Omnibus Motion in Limine (doc. 127). That Motion consists of the following four components: (i) exclusion of evidence or argument relating to the *Bama Bayou* action in state court; (ii) exclusion of evidence or argument relating to other litigation involving SEPH or its predecessor (Vision Bank) but not involving George Braswell; (iii) exclusion of evidence or argument relating to Mrs. Braswell's successful efforts to obtain title insurance for the transferred real property; and (iv) exclusion of evidence or argument relating to certain traumatic incidents involving the Braswells' family members (such as premature births or a March 2016 automobile accident). In response, the Braswells state that they do not oppose the Motion in Limine as to subparts two (other SEPH/Vision Bank litigation not involving the Braswells) and three (title insurance), and that they do not intend to present evidence or argument relating to those matters. As such, the Motion in Limine is properly **granted** as to those subparts.

With respect to the *Bama Bayou* action, SEPH's objection is that such evidence is not relevant given the Court's findings of a debtor/creditor relationship and Braswell's insolvency. According to SEPH, allowing the Braswells to argue or develop their *Bama Bayou* contentions at trial here would be irrelevant and would lead to unfair prejudice and confusion of the issues, and would mislead the jury and waste time. SEPH also expresses concern that "[a]ny evidence or argument regarding the facts and issues of the Bama Bayou case is the start of a slippery slope

---

[1] The Court recognizes, of course, that Count One (plaintiff's claim for actual fraudulent transfer pursuant to Alabama Code § 8-9A-4(a)) remains pending. For purposes of evaluating whether Braswell made the challenged transfers with the actual intent to injure, delay or defraud SEPH or other creditors, the jury will be instructed to consider certain badges of fraud enumerated in § 8-9A-4(b). Among those badges of fraud is whether "[t]he debtor was insolvent or became insolvent shortly after the transfer was made." The jury is entitled to consider that factor; however, there is no need for expert testimony to be presented by either side on that issue at trial. After all, "the June 7 Order found that Braswell was insolvent, as a matter of law, as a result of the challenged transfers." (Doc. 121, at 2.) The Court will consider any proposed jury instruction the parties may submit incorporating that specific finding of insolvency and directing the jury that Braswell was insolvent (*i.e.*, that the sum of his debts was greater than all of his assets at a fair valuation) as of March 19, 2009.

that can and should be avoided at trial," lest these proceedings devolve into a "mini-trial of the Bama Bayou case." (Doc. 127, at 2-3.) For their part, the Braswells counter that SEPH has listed numerous exhibits in the Joint Pretrial Document that relate solely to "the value of Mr. Braswell's assets and liabilities." (Doc. 133, at 2-3.) Under the circumstances, the Braswells say, it would be unfair and prejudicial "to exclude any evidence of Mr. Braswell's understanding or belief as to the values of the property at issue," which evidence is "very material and probative on the issue of his intent at the time he made the transfers." (*Id.* at 5.)

Defendants' point is well taken. Again, a critical triable issue in this case is whether Braswell transferred the subject assets to his wife "with actual intent to hinder, delay, or defraud any creditor." Ala. Code § 8-9A-4(a). Braswell's subjective understanding of the relative valuation of his assets and liabilities as of March 2009 is directly relevant to the issue of his intent. Insofar as plaintiff's Motion in Limine seeks an order categorically excluding such evidence, that Motion is **denied**. Defendants will be allowed some leeway at trial to present evidence of what Braswell subjectively believed the value of his assets and liabilities to be. That evidence may touch upon the *Bama Bayou* action (*i.e.*, what Braswell believed his potential liability and exposure might be in that action, whether he thought the value of the mortgaged collateral was sufficient to offset any liability he might have, and so on). If Braswell so testifies, then plaintiff must be allowed to test and rebut Braswell's statements concerning his beliefs and understandings via cross-examination and impeachment. To that end, SEPH will be afforded a limited opportunity to present contrary evidence as to these matters to show that Braswell could not plausibly have held the *bona fide*, honest beliefs he professes to have on these questions. Both sides are cautioned, however, that the Court has no intention of trying the *Bama Bayou* case here. The evidence and arguments offered must be narrowly tailored to the issue of Braswell's intent at the time of the transfers. Should the parties go too far afield with *Bama Bayou*-related arguments and evidence, the Court will not hesitate to sustain Rule 403 objections or to intervene proactively to cut off these lines of questioning, argument and evidentiary presentation in the jury's presence should they become excessive or belabored.

With respect to the Braswells' family circumstances, SEPH posits that evidence of prematurely born grandchildren or severe automobile accidents is irrelevant to the issue of Braswell's intent and would constitute an improper ploy to appeal to jurors' sympathy. Defendants respond that if SEPH chooses to raise the issue that the Braswells sold their home in

Baldwin County and moved to Birmingham, then defendants should be allowed to explain why, and the reasons for that move correspond to the aforementioned family issues. It is not immediately clear why SEPH would want to elicit testimony about the Braswells' relocation to north Alabama, much less how it would attempt to argue some adverse inference resulting from same. Without additional context not presented in the parties' filings, the Court cannot evaluate the parties' respective arguments on these points. Accordingly, this aspect of the Motion in Limine is **carried to trial**.

### C. *Defendants' Motion in Limine.*

Finally, the Court examines the Braswells' Motion in Limine (doc. 128). In that Motion, they seek an order barring SEPH from introducing or mentioning documents, charts, graphs or other materials showing the value of George Braswell's assets and liabilities at any time. Defendants also seek an order prohibiting SEPH from attempting to litigate in this case whether George Braswell is or is not liable in the *Bama Bayou* case. A side-by-side comparison of the Braswells' Motion in Limine and their Response (doc. 133) to SEPH's Omnibus Motion in Limine shows that defendants are attempting to have it both ways. On the one hand, the Braswells are arguing that they should be allowed to present evidence of George Braswell's beliefs and impressions of the value of his assets and liabilities, his exposure in the *Bama Bayou* action, and so on, as evidence of his intent (or lack thereof) to defraud SEPH via the subject transfers. On the other hand, defendants seek to preclude SEPH from presenting any evidence as to the value of Braswell's assets and liabilities, or his potential liability in the *Bama Bayou* action. Of course, such evidence may be highly probative of whether Braswell's stated beliefs about assets and liabilities were honest and *bona fide*. As discussed *supra*, the Court will not categorically constrain SEPH from being able to present impeachment or rebuttal evidence of assets and liabilities that relates to the issue of Braswell's actual intent to defraud.[2] Defendants' Motion in Limine is **denied**.

---

[2] SEPH argues in response to the Braswells' Motion in Limine that it should be allowed to present evidence of assets and liabilities to show that George Braswell was insolvent because insolvency is a badge of fraud under the Alabama UFTA. (Doc. 132, at 2.) As discussed *supra*, however, the Court has already found as a matter of law on summary judgment that George Braswell was insolvent as of March 19, 2009. There is no need for SEPH to present evidence of that badge of fraud at trial; rather, the jury can simply be instructed of that insolvency finding. Nonetheless, it would be appropriate for SEPH to present valuation evidence
(Continued)

### D. Conclusion.

For all of the foregoing reasons, it is **ordered** as follows:

1. Plaintiff's Motion to Exclude Expert Witnesses (doc. 122) is **moot**;
2. Plaintiff's Omnibus Motion in Limine (doc. 127) is **granted** as to the "other litigation not involving the Braswells" and "title insurance" issues. That Motion is **denied** as to evidence or argument relating to the *Bama Bayou* action, provided, however, that both sides will be afforded limited leeway to present evidence about that matter only insofar as it is relevant to the question of Braswell's intent at the time of the subject transfers. The aspect of the Motion seeking to bar the Braswells from introducing evidence of certain family hardships is **carried to trial**; and
3. Defendants' Motion in Limine (doc. 128) is **denied**.

DONE and ORDERED this 13th day of October, 2017.

                                                          s/ WILLIAM H. STEELE
                                                          UNITED STATES DISTRICT JUDGE

---

at trial to impeach or rebut any testimony that George Braswell subjectively believed his assets to exceed his liabilities (and thus believed that he would be able to pay any liability owed to SEPH) for purposes of the "actual intent" inquiry.