# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0267-WS-N |
| | ) |
| GEORGE S. BRASWELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendants' Motion to Continue Trial (doc. 134). Both parties have filed responses setting forth their positions on the Motion, and updating the Court as to recent events potentially impacting same. (Docs. 137 & 138.)[1]

As grounds for the Motion to Continue, defendants correctly observe that the status of these fraudulent transfer proceedings could be dramatically affected by related proceedings in the so-called *Bama Bayou* action pending in Mobile County Circuit Court. In particular, the imminent disposition of pending cross-motions for summary judgment in *Bama Bayou* could either directly or indirectly obviate the need for a trial in this fraudulent transfer action. If George Braswell prevails on summary judgment in *Bama Bayou*, then the parties agree that SEPH's fraudulent transfer claims against him must be dismissed. By contrast, if SEPH prevails on summary judgment in *Bama Bayou*, that ruling could alter the landscape drastically and prompt all parties to reconsider their intransigence and unwillingness to compromise. In either

---

[1] Upon defendants' filing of the Motion to Continue on October 4, 2017, the undersigned entered an endorsement carrying the Motion to the Final Pretrial Conference, which is slated for October 17, 2017 at 10:30 a.m. (Doc. 135.) Based on the written responses submitted by both sides earlier today, however, the Court now has all the information needed to resolve the Motion, such that it would not be beneficial to hear further argument from the parties on this issue at the Final Pretrial Conference.

of these scenarios, a jury trial in this case would prove both unnecessary and unhelpful, amounting to little more than a pointless drain on judicial, juror and litigant resources.[2]

SEPH's strongest argument against granting a continuance here is that "[t]here is … no way of knowing when there will be a ruling on the motions for summary judgment" in *Bama Bayou*. (Doc. 137, at 2.) That argument might have resonated if the status quo were as reflected in the *Bama Bayou* hearing transcript dated September 22, 2017, in which SEPH obtained permission to pursue an investigation of a potential conflict of interest involving Judge Stewart and the earliest hearing date on the summary judgment motions appeared to be late January 2018. (Doc. 134, Exh. A.) But the *Bama Bayou* decision timetable has crystallized considerably in the interim. On October 6, 2017, Judge Stewart entered an Order concluding that SEPH's out-of-state counsel "had and have no reasonable good faith basis for purs[u]ing" allegations of unethical conduct against her, and resetting the summary judgment hearing for October 27, 2017. (Doc. 138, Exh. A.) The October 6 Order emphatically states that "[n]o continuances will be granted." (*Id.*) In light of this development, the Court strongly suspects that a *Bama Bayou* ruling will be forthcoming shortly, in all likelihood before the end of this calendar year.

Given the high probability of a resolution in *Bama Bayou* in the relatively near term, and given the potential for such a resolution either directly or indirectly to eliminate the need for a jury trial in our case, it would be an unwise, inefficient and potentially wasteful use of judicial, litigant and juror resources to force this case to proceed to jury trial in the November 2017 civil term. Accordingly, defendants' Motion to Continue Trial (doc. 134) is **granted**. The Final Pretrial Conference is **continued** to **January 9, 2018 at 3:30 p.m.**, with jury selection to follow on **January 30, 2018**. This case will be tried during the **February 2018** civil term.

DONE and ORDERED this 16th day of October, 2017.

                                                    s/ WILLIAM H. STEELE
                                                    UNITED STATES DISTRICT JUDGE

---

[2] It is possible, of course, that all cross-motions in *Bama Bayou* might be denied; however, Judge Stewart has already indicated on the record her assessment that "it doesn't appear that there are any factual issues in dispute." (Doc. 134, Exh. A at 5.) Thus, it appears highly unlikely that the outcome of the cross-motions in *Bama Bayou* will be a dearth of any final rulings on case-dispositive issues.