# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0267-WS-N |
| | ) |
| GEORGE S. BRASWELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on plaintiff's Motion for Preliminary Injunction (doc. 151). The Motion has been briefed and is now ripe for disposition.

Plaintiff, SE Property Holdings, LLC ("SEPH"), brought this fraudulent transfer action against defendants, George S. Braswell and Vennie T. Braswell. Specifically, SEPH alleged that George Braswell had executed guaranties exceeding $1.1 million on loans made by SEPH's predecessor for certain real estate development projects known as Bama Bayou and Marine Park. According to SEPH, after the borrowers defaulted on the subject loans, George Braswell transferred certain real property to his wife, Vennie Braswell, including the couple's primary residence ("Sandy Creek Farms") and a condominium unit ("The Sands") in Baldwin County, Alabama. SEPH contended that these asset transfers violated the Alabama Uniform Fraudulent Transfer Act, Ala. Code §§ 8-9A-1 *et seq.* (the "AUFTA"). On that basis, SEPH's Amended Complaint alleged three AUFTA causes of action (including a claim of actual fraudulent transfer and two claims of constructive fraudulent transfer), as well as a common-law claim of civil conspiracy.

On June 7, 2017, the undersigned entered an Order (doc. 120) granting SEPH's Motion for Partial Summary Judgment (doc. 98) and finding as a matter of law that the Braswells are liable to SEPH on the constructive fraudulent transfer causes of action (Counts Two and Three). The actual fraudulent transfer and civil conspiracy claims (Counts One and Four) were not amenable to resolution on summary judgment. Notwithstanding entry of summary judgment in its favor on Counts Two and Three, SEPH continues to pursue Counts One and Four against the

Braswells and has consistently expressed an intent to proceed to trial. Progress of Counts One and Four toward final adjudication via jury trial has stalled pending developments in certain related state-court proceedings (referenced throughout the filings and rulings in this matter as the *Bama Bayou* Action) that may directly or indirectly obviate the need for trial in this action.

At this time, SEPH comes forward with a Motion for Preliminary Injunction requesting injunctive relief to preserve the *status quo* until a final judgment can be entered in this case. In that Motion, plaintiff points to Personal Financial Statements (doc. 151-1, Exh. A) executed by defendants in June 2018. Those documents indicate that the Braswells no longer own either the Sandy Creek Farms home or The Sands condo unit. According to the financial statements, however, the Braswells do jointly own a home (purchased in April 2018) in Foley, Alabama, valued at $240,000, and Vennie Braswell owns a motor home valued at $110,000. SEPH seeks a preliminary injunction prohibiting the Braswells from transferring the Foley residence or the motor home until entry of a final judgment in this case. As grounds for this Motion, plaintiff cites the AUFTA, which specifically provides that available remedies include "[a]n injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property," as well as "[a]ny other relief the circumstances may require." Ala. Code § 8-9A-7(a)(3)(a), (c); *see also Prescott v. Baker*, 644 So.2d 877, 880 (Ala. 1994) (quoting this same provision and observing that "the remedies afforded by the [AUFTA] … may be available even though a creditor's claim has not been reduced to judgment"). SEPH further posits that the purpose of its Motion for Preliminary Injunction "is to ensure that the Defendants' net assets are preserved and that the effect of any transfers is not to make them exempt." (Doc. 151-1, at 4.)

By way of response, the Braswells explain that *bona fide* family reasons motivated their sale of the Sandy Creek Farms home, and indicate that they have no present intention of selling or otherwise transferring the Foley residence or the motor home in the immediate future. (Doc. 154, ¶ 2.) Nonetheless, defendants do not argue that entry of preliminary injunction is inappropriate under the circumstances presented here. To the contrary, they expressly "submit that the Court should enter an order granting the requested preliminary injunction," provided that such order should be reviewable upon motion by the Braswells following entry of final judgment in the *Bama Bayou* Action. (*Id.* at 2-3.)

The Court readily concludes that SEPH has made an adequate showing that entry of a preliminary injunction is appropriate at this time to preserve the *status quo* in terms of available

assets to satisfy any judgment that may be entered in SEPH's favor against Braswell in the state-court proceedings. Accordingly, and given the Braswells' non-opposition to same, the Motion for Preliminary Injunction (doc. 151) is **granted** pursuant to the AUFTA, and specifically § 8-9A-7(a)(3). It is therefore **ordered** that defendants are **preliminarily enjoined** from further disposition of any of the following assets: (i) the Foley residence acquired by the Braswells in April 2018; and (ii) the motor home owned by Vennie Braswell. This preliminary injunction will remain in effect until such time as a final judgment is entered in this action, provided, however, that any party remains free to file a motion to modify or dissolve the preliminary injunction based on future developments in the *Bama Bayou* Action, changed personal circumstances of the Braswells, or other good cause shown.

DONE and ORDERED this 19th day of July, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE